STATE OF NORTH CAROLINA v. THEODORE ROOSEVELT QUICK, JR.

No. 7310SC810

(Filed 6 February 1974)

1. **Burglary and Unlawful Breakings § 5— breaking into vehicle with intent to commit larceny — items of property in vehicle — sufficiency of evidence**

    In a prosecution charging defendant with the felonious breaking and entering of an automobile with intent to commit larceny, State's evidence that the car which defendant broke into contained papers, a shoe bag and cigarettes was sufficient to establish the essential element of G.S. 14-56 that the vehicle contain "any goods, wares, freight, or other things of value."

2. **Criminal Law § 112— instruction on reasonable doubt**

    The trial court's instruction on reasonable doubt when read as a whole fairly and clearly stated the law.

3. **Burglary and Unlawful Breakings § 6— breaking into vehicle with intent to commit larceny — instructions — no error**

    In a prosecution for felonious breaking and entering of an automobile with intent to commit larceny, the trial court's error, if any, in instructing that anything in the trunk of the automobile was in the automobile, and in overstating the arresting officer's familiarity with defendant was harmless, and the court did not err in instructing the jury that the alleged mistreatment of defendant by the arresting officer was not an issue before them.

4. **Burglary and Unlawful Breakings § 6; Criminal Law § 113— written instructions given jury — no error**

    Trial court did not err in allowing the jury to take with them to the jury room written elements of the offense charged.

5. **Burglary and Unlawful Breakings § 8; Criminal Law § 138— presentence investigation — remarks of assistant solicitor to trial judge — no error**

    Defendant was not prejudiced where an assistant solicitor visited the trial judge in his chambers and made remarks about defendant,

since pre-sentence investigation is approved provided defendant is afforded an opportunity to rebut the allegations made against him, and defendant was afforded such opportunity in this case.

APPEAL from *Godwin, Judge,* 18 June 1973 Regular Criminal Session of WAKE County Superior Court. Argued before Court of Appeals 16 January 1974.

Defendant was charged with the felonious breaking and entering of an automobile with intent to commit larceny in contravention of G.S. 14-56.

The testimony offered by witnesses for the State tended to establish that on 3 March 1972, Mr. and Mrs. Leland Mason were guests at the Velvet Cloak Motel in Raleigh. Mr. Mason's 1972 Cadillac automobile was parked in front of their room with the doors locked. It contained no personal property other than various papers, pens, cigarettes, matches and a shoe bag. The trunk of the car contained the spare tire and tire tools.

Officer J. R. Hester of the Raleigh Police Department testified that he observed defendant, a Negro male, enter the parking lot of the motel. Shortly thereafter, he observed defendant seated in the right front seat of Mr. Mason's Cadillac going through the glove compartment. Officer Hester arrested the defendant at that time, and defendant struggled to get away as Officer Hester attempted to handcuff him. When Officer Hester pulled defendant out of the car, defendant had in his hand a clothes hanger which he thereupon tossed into the bushes. A search of defendant's person revealed no objects of personal property taken from the car.

At the close of State's evidence defendant's motion for nonsuit was denied, and defendant offered no evidence.

Following the instructions of the trial court on 19 June, the jury retired but was unable to reach a verdict. When the jury reconvened for further deliberation on 20 June, the court offered them a writing containing the elements of the crime with which defendant was charged. Defendant's counsel submitted an affidavit to the effect that while the jury was deliberating, an assistant solicitor—who had not been involved in the prosecution of the case—visited the presiding judge in his chambers and made derogatory remarks about the defendant.

The jury returned a verdict of guilty, and from the entry and signing of judgment, defendant appealed.

*Attorney General Morgan, by Associate Attorney Robert R. Reilly for the State.*

*Gerald L. Bass for defendant appellant.*

MORRIS, Judge.

[1]   There is no merit to defendant's contention that his motion for nonsuit was improperly denied. In evaluating the sufficiency of State's evidence to withstand motion for nonsuit, the court is to resolve all doubts in favor of the State and give to the State the benefit of all reasonable inferences. If the evidence thus evaluated and considered in the light most favorable to the State tends to establish guilt, then the denial of the motion for nonsuit is proper. *State v. McNeill,* 280 N.C. 159, 185 S.E. 2d 156 (1971). Defendant's specific contention is that the State's evidence does not establish an essential element of G.S. 14-56— that the vehicle contained "any goods, wares, freight, or other things of value." The papers, shoe bag and cigarettes are without question personal property, and as such they may be the subject of larceny. Thus, the State's evidence has charged all elements of the offense, and this assignment of error is overruled.

[2]   Defendant next assigns error to the court's instructions on reasonable doubt.

> "The term 'reasonable doubt' has a legal meaning. You must apply all of the law applicable in this case, to the facts as you find them to be. So I will define for you the term 'reasonable doubt.' I mean by that term whenever it has or will be used during these instructions to you, a possibility of innocence, a possibility of innocence based on common sense and reason and arising out of the evidence in the case, or a lack of it, as the situation may be.

> So, if upon a full, a fair consideration of all of the evidence presented during the trial, you find that you are fully satisfied that the defendant is guilty, you find that you are entirely convinced that he is guilty, you have no reasonable doubt.

> If, however, you find from such a consideration of the evidence that you have any doubt based on common sense and reason, and arising out of the evidence or a lack of it; not with regard to what any witness who has testified has had

> to say to you, but if you find from such a consideration of
> the evidence that you have any doubt, with regard to any
> one of the five facts which are essential to constitute guilt
> in this case, then you do have a reasonable doubt; and if you
> find that you do you are required to return a verdict of not
> guilty and acquit the defendant."

The specific language to which defendant objects is "not with
regard to what any witness who has testified has had to say to
you." The charge of the court should be read contextually, and
isolated portions will not be held prejudicial when the charge
as a whole is correct. *State v. Lee,* 277 N.C. 205, 176 S.E. 2d
765 (1970). The above charge when read as a whole fairly and
clearly stated the law and this assignment is overruled.

[3]    Defendant excepts to the court's instructing the jury that
"anything in the trunk of the automobile was in the automobile."
This assignment of error is addressed to the proposition that
since there was nothing of value in the interior of the car, there
could be no violation of G.S. 14-56. The error, if any there be, is
harmless; for, as we have stated, there were, in fact, sundry
items of value in the interior of the car. It is not sufficient that
defendant show mere technical error. He must show that absent
the error, a different result would likely have ensued. *State v.
Bass,* 280 N.C. 435, 186 S.E. 2d 384 (1972) ; *State v. Crump,*
280 N.C. 491, 186 S.E. 2d 369 (1972).

There is no merit to defendant's assignment of error to the
court's recapitulation of Officer Hester's testimony as follows:

> " . . . that the police officer, Mr. Hester, knew the defendant
> at that time; that he had known him for some time; that
> he knew what he looked like, and that he knew who he was
> looking at when he got an opportunity to see the features of
> the person sitting in the automobile at the time he ap-
> proached him;".

Officer Hester's uncontradicted testimony was that he had seen
defendant prior to the arrest, his face was familiar, but he did
not know his name. While the court has in fact overstated the
officer's familiarity with defendant, this discrepancy is at most
harmless error within the holdings of *Bass* and *Crump, supra.*

There was testimony to the effect that Officer Hester
pointed his pistol at defendant's head, threatened to shoot him
and scuffled with him while attempting to place the handcuffs

State v. Quick

on him. The court instructed the jury that the mistreatment of defendant was not an issue before them. This instruction was correct, and there is no merit to defendant's contention that the court thereby belittled counsel's efforts in the cross-examination of the officer.

[4] Likewise, there is no merit to the contention that the court erred in permitting the jury to take with them to the jury room written elements of the offense charged. The court prepared the writing and allowed them to take the writing with them for use in their further deliberation. As was said in *State v. Frank,* 284 N.C. 137, 200 S.E. 2d 169 (1973), "The writing only served to aid the jury in following the oral instructions already given." On authority of *Frank,* we hold that the procedure followed here did not constitute prejudicial error and this assignment of error is overruled.

[5] Defendant's final assignment of error is to the remarks of the assistant solicitor to the trial court concerning the reputation and character of defendant. Pre-sentence investigation bearing on mitigation or aggravation of the offense of which a defendant has been convicted has been specifically approved by the Supreme Court. *State v. Pope,* 257 N.C. 326, 126 S.E. 2d 126 (1962). There is no requirement that defendant or his attorney be present at such an investigation, but it is required that defendant be afforded the opportunity to rebut the allegations thus made against him and offer relevant facts in mitigation. *Id.* The record shows that counsel for defendant was aware of the assistant solicitor's visit to the judge's chambers. The defendant had ample opportunity to rebut the allegations of the assistant solicitor on the day of sentencing—two days after the allegations were made.

> "In our opinion it would not be in the interest of justice to put a trial judge in a strait jacket of restrictive procedure in sentencing. He should not be put in a defensive position and be required to sustain and justify the sentences he imposes, and be subject to examination as to what he has heard and considered in arriving at an appropriate judgment. He should be permitted wide latitude in arriving at the truth and broad discretion in making judgment. Presentence investigations are favored and encouraged. There is a presumption that the judgment of a court is valid and just. The burden is upon appellant to show error amount-

---

ing to a denial of some substantial right. *State v. Poolos,* 241 N.C. 382, 85 S.E. 2d 342." *State v. Pope, supra,* at 335.

Defendant received a fair and impartial trial and we find

No error.

Chief Judge BROCK and Judge CARSON concur.