STATE OF NORTH CAROLINA v. MICHAEL O'BRIAN JACKSON

No. COA03-169

(Filed 17 February 2004)

**1. Motor Vehicles— felonious breaking and entering of a motor vehicle—motion to dismiss—sufficiency of evidence**

The trial court erred by denying defendant's motion to dismiss the charge of felonious breaking and entering of a motor vehicle under N.C.G.S. § 14-56 at the close of all the evidence, because: (1) there was no evidence regarding the element that the vehicle must contain goods, wares, freight, or anything of value;

**STATE v. JACKSON**

[162 N.C. App. 695 (2004)]

(2) there was strong circumstantial evidence that the car was in fact empty of all goods or wares of even the most trivial value; and (3) the State's only offer of evidence were the keys to the car and the parts of the car.

**2. Criminal Law— shackling of defendant at trial—adequate findings required**

The general rule is that a defendant in a criminal case is entitled to appear at trial free from all bonds or shackles except in extraordinary circumstances, and should the trial court in its sound discretion decide shackling is a necessary means for a safe and orderly trial, the determination must be supported by adequate findings.

Appeal by defendant from judgment entered 24 July 2002 by Judge Zoro J. Guice in the Criminal Session of Henderson County Superior Court. Heard in the Court of Appeals 12 November 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Clara D. King, for the State.*

*Appellate Defender Staple Hughes, by Assistant Appellate Defender Katherine Jane Allen, for defendant appellant.*

McCULLOUGH, Judge.

Michael O'Brian Jackson (defendant) was found by a jury to be not guilty of the charges of felonious breaking and entering and felonious larceny, but guilty of the charge of felonious breaking and entering of a motor vehicle. The verdict of the jury was based upon the following facts of record: On the night and early morning of 28 February-1 March 2002, the temperature was approximately forty degrees in Hendersonville, North Carolina. During that night, defendant was in the neighborhood of a detailing business owned by Mr. Anthony Tavcar. He was allegedly waiting in the cold for his girlfriend to get home.

Officer Samuel Ball of Hendersonville Police Department testified that while on patrol during his 7:00 p.m. to 7:00 a.m. shift of 28 February-1 March 2002, he observed active brake lights on a vehicle on Tavcar's property. When he drove onto Tavcar's property, Ball testified he observed a white male, later identified to be defendant, in the vehicle. Officer Ball further testified that the engine of this 1998 Honda was running and defendant was in the driver's seat. By the

time Officer Ball walked up to the vehicle, he stated that defendant had fully reclined in the driver's seat.

There is disputed evidence as to how defendant got into the vehicle where he was found by Officer Ball. The State asserted that defendant had unlawfully entered the auto detailing shop and removed the vehicle keys. Defendant asserted that the keys were inside the vehicle when he got inside to keep warm. The jury acquitted defendant on the charges of felonious breaking and entering and felonious larceny.

After the guilty charge of breaking and entering a motor vehicle, defendant pled guilty to being an habitual felon. The trial court found him to be an habitual felon, and entered a judgment and commitment on the underlying conviction as a Class C felony in accord with the habitual felon statute. Defendant was sentenced to a term of 133-169 months' imprisonment.

On appeal, defendant raises two issues. First, defendant claims the State produced insufficient evidence to prove that defendant committed the crime of breaking and entering a motor vehicle. Second, defendant claims his constitutional guarantees to a fair trial were abridged when defendant was shackled during the trial.

## The Elements of N.C. Gen. Stat. § 14-56

[1] Defendant contends that there was insufficient evidence to support a conviction of breaking and entering of a motor vehicle, pursuant to N.C. Gen. Stat. § 14-56 (2003). At the close of the evidence at trial, defendant moved for a dismissal, arguing that the State had failed to prove its case. The trial court denied the motion. We conclude that this denial was error, and reverse defendant's conviction.

Due process as applied to the states via the Fourteenth Amendment " 'protects the accused against conviction except upon proof beyond a *reasonable doubt of every fact necessary* to constitute the crime with which he is charged.' " *State v. Wallace*, 351 N.C. 481, 507, 528 S.E.2d 326, 343 (2000) (emphasis added) (quoting *In re Winship*, 397 U.S. 358, 364, 25 L. Ed. 2d 368, 375 (1970)), *cert. denied*, 531 U.S. 1018, 148 L. Ed. 2d 498 (2000), *reh'g denied*, 531 U.S. 1120, 148 L. Ed. 2d 784 (2001). However, where there is substantial evidence of each element of the offense charged, the fact that there is only a modicum of physical evidence, or inconsistencies in the evidence, is for the jury's consideration. *State v. Baker*, 338 N.C. 526,

559, 451 S.E.2d 574, 594 (1994); *see State v. Earnhardt*, 307 N.C. 62, 67, 296 S.E.2d 649, 653 (1982).

For the State to successfully obtain a conviction for breaking and entering a motor vehicle, the State must prove the following five elements beyond a reasonable doubt: (1) there was a breaking or entering by the defendant; (2) without consent; (3) into a motor vehicle; (4) *containing goods, wares, freight, or anything of value*; and (5) with the intent to commit any felony or larceny therein. *See* N.C. Gen. Stat. § 14-56 (2003).

Defendant claims there is not even a modicum of evidence on the fourth element of the offense, and on that basis the trial court committed error in not granting their motion to dismiss at the close of all evidence. In *State v. McLaughlin*, 321 N.C. 267, 270, 362 S.E.2d 280, 282 (1987), our Supreme Court held that where the record was devoid of evidence that the victim's vehicle contained any items of even "trivial value" that belong to the victim or to anyone else, the trial court erred in submitting the issue of defendant's guilt of this offense to the jury. The "trivial value" test of this fourth element has been met by such items as: the vehicle registration card and hubcap key, *State v. Goodman*, 71 N.C. App. 343, 349-50, 322 S.E.2d 408, 413 (1984); citizen band radio, *State v. Kirkpatrick*, 34 N.C. App. 452, 456, 238 S.E.2d 615, 617 (1977); and papers, cigarettes, and shoe bag, *State v. Quick*, 20 N.C. App. 589, 591, 202 S.E.2d 299, 301 (1974).

In their brief, the State submits evidence that the key which started the car is a thing of value and meets the mere "trivial value" test of *McLaughlin*. The State further contends that the accouterments of a vehicle's interior are of value to meet the *McLaughlin* requirement: seats, carpeting, visors, handles, knobs, cigarette lighters, and radios.

We do not agree with either of these contentions. First of all, in *McLaughlin* the Supreme Court found there to be insufficient evidence on the fourth element of breaking and entering a vehicle when the defendant in that case had taken the victim's car keys and used them to move defendant's *own* goods and wares in the victim's car. *McLaughlin*, 321 N.C. at 270-72, 362 S.E.2d 280, 282-83. In the cases mentioned above, the trivial effects found in the vehicle which were sufficient to go to the jury on the fourth element were effects not inherently a part of the functioning vehicle. The one common feature of the items mentioned in these cases was that they were akin to the

cargo of the vehicle: "goods, wares, freight, or anything of value." *See* N.C. Gen. Stat. § 14-56.

Adopting the State's reading of N.C. Gen. Stat. § 14-56, and specifically the fourth element of that offense, would render that element redundant and superfluous. Our Supreme Court has repeatedly held that "[i]t is a well settled principle of statutory construction that words of a statute are not to be deemed merely redundant if they can be reasonably so as to add something to the statute which is in harmony with its purpose." *In Re Watson*, 273 N.C. 629, 634, 161 S.E.2d 1, 6-7 (1968). The statute clearly requires that the larceny element of the breaking and entering pertain to objects within the vehicle, separate and distinct from the functioning vehicle. Our reading of the statute is supported by the North Carolina Legislature's definition of misdemeanor tampering with a vehicle that requires some purpose not necessarily having to do with a larceny. *See* N.C. Gen. Stat. § 20-107 (2003).

The transcript shows that defendant in this case broke and entered a 1988 Honda which was owned by an auto dealership. The car was being detailed for resale. This is strong circumstantial evidence that the car was in fact empty of all goods or wares of even the most trivial value. Furthermore, the State's only offer of evidence on this element were the keys to the car, and the parts of the car. Thus, the record lacks any evidence sufficient to carry the fourth element of this case to the jury.

We cannot remand this case for resentencing under a lesser included offense, because there are no such offenses within N.C. Gen. Stat. § 14-56. In *State v. Carver*, 96 N.C. App. 230, 385 S.E.2d 145 (1989), our Supreme Court found N.C. Gen. Stat. § 20-107(a) (2003) not to be a lesser included offense of N.C. Gen. Stat. § 14-56:

> A lesser included offense is "one composed of some, but not all, of the elements of the greater crime, and which does not have any element not included in the greater offense." Black's Law Dictionary 812 (5th ed. 1979).
>
> G.S. sec. 20-107(a) prohibits "[a]ny person . . . [from] willfully injur[ing] or tamper[ing] with any vehicles or break[ing] or remov[ing] any part or parts of or from a vehicle without the consent of the owner." However, G.S. sec. 14-56 prohibits "any person, with the intent to commit any felony or larceny therein, [from] break[ing] or enter[ing] any . . . motor

vehicle." While most of the elements of G.S. sec. 20-107(a) are present in G.S. sec. 14-56, neither injuring or tampering with the vehicle itself nor breaking or removing a part of it (the car) are part of the greater offense.

*Carver*, 96 N.C. App. at 233-34, 385 S.E.2d at 147. We hold the same is true for N.C. Gen. Stat. § 20-107(b), as this subsection has additional elements not included in N.C. Gen. Stat. § 14-56.

We thus reverse defendant's guilty verdict under N.C. Gen. Stat. § 14-56, and also the trial court's finding of defendant as an habitual felon.

## Shackling Defendant During Court Proceedings

[2] As we reversed above on the sufficiency of the evidence issue, we use this portion of the opinion only to caution trial courts in the practice of shackling a defendant during court proceedings. The general rule is that a defendant in a criminal case is entitled to appear at trial free from all bonds or shackles except in extraordinary circumstances. *State v. Tolley*, 290 N.C. 349, 365, 226 S.E.2d 353, 366 (1976). The reasons being: (1) it may interfere with the defendant's thought processes and ease of communication with counsel; (2) it intrinsically gives affront to the dignity of the trial process, and most importantly; (3) it tends to create prejudice in the minds of the jurors by suggesting that the defendant is an obviously bad and dangerous person whose guilt is a foregone conclusion. *Id.* at 366, 226 S.E.2d at 367. *Tolley* and N.C. Gen. Stat. § 15A-1031 (2003) enumerate a non-exhaustive list of twelve material circumstances which a trial judge should consider before shackling a defendant. These include the seriousness of the current charges; evidence of a present plan to escape; threats to harm others or cause a disturbance; and risk of mob violence.

Should the trial judge, in his sound discretion, decide shackling is a necessary means for a safe and orderly trial in his or her courtroom, the determination must be supported by adequate findings. The Supreme Court stated:

> Whatever the basis for his decision, however, the unquestioned rule is that when the trial judge, in jury cases, contemplates the necessity of employing unusual visible security measures such as shackles, he should state for the record, out of the presence of the jury, the particular reasons therefor and give counsel an opportunity to voice objections and persuade the

court that such measures are unnecessary. While the cases have established no definitive rule as to the exact form of evidentiary hearing to determine whether shackling of the defendant is necessary, the most prevalent conclusion is that the hearing may be informal and that the ordinary rules of evidence need not be observed, although the trial judge may decide, particularly where the need for physical restraint is controverted, to conduct a full evidentiary hearing with sworn testimony and formal findings of fact. In any event, a record must be made which reflects the reasons for the action taken by the court and which indicates that counsel have been afforded an opportunity to controvert these reasons and thrash out any resulting factual questions. Only in this manner can there be preserved a meaningful record from which a reviewing court may determine whether the trial court abused its discretion.

*Tolley*, 290 N.C. at 368-69, 226 S.E.2d at 368. While this Court will generally respect the discretion of a trial court in the governance of their courtroom, we do "require a meaningful record" evidencing the basis of this discretion. This is especially true in instances where a defendant's presumption of innocence is implicated. We caution trial courts to adhere to the proper use of their discretion and provide the rationale for that discretion, via some finding substantiated in the record.

This obligation is not excused when attempts are made to conceal from the jury the fact that the defendant is shackled as the trial court did in this case. Assuming the shackles could successfully be kept from the jury's awareness, the concerns that shacking interferes with the defendant's thought processes and communications with counsel, and affronts the dignity of the trial process, are not cured by mere concealment from the jury. For meaningful review of his discretion, the trial judge must still provide the record with the "particular reasons" for his determination to shackle the defendant. *Id.*

For the reasons stated in the first analytical section of this opinion, we hold it was error for the trial court not to grant defendant's motion to dismiss at the close of all evidence. We hereby,

Reverse.

Judge BRYANT concurs.

Judge TYSON concurs in the result only.