STATE OF NORTH CAROLINA v. OMAR SHARIFF MCDOWELL

No. COA11-28

(Filed 20 December 2011)

**Burglary and Unlawful Breaking or Entering—breaking or entering—goods of value in vehicle—evidence not sufficient**

The trial court erred by denying defendant's motion to dismiss for insufficient evidence a charge of breaking or entering a motor vehicle where there was no evidence that the vehicle contained anything of value other than the components installed in the truck, a necessary element of the offense.

Appeal by defendant from judgment entered 14 July 2010 by Judge Forrest D. Bridges in Cleveland County Superior Court. Heard in the Court of Appeals 17 August 2011.

*Attorney General Roy Cooper, by Assistant Attorney General David Efird, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Kathleen M. Joyce, for defendant-appellant.*

GEER, Judge.

Defendant Omar Shariff McDowell appeals from his conviction of breaking or entering a motor vehicle. Because we agree with defendant that the State failed to present evidence that the vehicle contained any items of value apart from objects installed in the vehicle, this Court's decision in *State v. Jackson*, 162 N.C. App. 695, 592 S.E.2d 575 (2004), requires that we reverse.

## Facts

The evidence presented at trial tended to show the following facts. On the night of 27 July 2008, Christopher Thompson was monitoring his security camera when he noticed someone come over the fence around his yard. Thompson went outside to check the locked Ford F-150 truck parked in his driveway that he and his next-door neighbor, Thomas Moton, jointly owned and used. Thompson found defendant, whom he knew, inside the truck although neither Thompson nor Moton had given defendant permission to use the truck.

When Thompson ordered defendant out of the truck, defendant replied, "[I]t's me, Omar. I'm running from the police. That's why I'm in your truck." Defendant then fled the scene, and Thompson called the police, who quickly apprehended defendant. Thompson immediately identified defendant as the individual in the truck and informed the police "that it appeared that there was nothing missing" because "[h]e didn't have time. I was on him too quick."

Defendant was indicted for and found guilty of felony breaking or entering a motor vehicle and for being a habitual felon. The trial court sentenced defendant to a presumptive-range term of 121 to 155 months imprisonment. Defendant timely appealed to this Court.

## Discussion

Defendant first argues that the trial court erred in denying his motion to dismiss. In ruling on a defendant's motion to dismiss, the trial court must determine whether the State presented substantial evidence (1) of each essential element of the offense and (2) of defendant's being the perpetrator. *State v. Robinson*, 355 N.C. 320, 336, 561 S.E.2d 245, 255 (2002). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Brown*, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984).

The evidence, when viewed in the light most favorable to the State, must be sufficient to "give rise to a reasonable inference of

guilt." *State v. Stone,* 323 N.C. 447, 452, 373 S.E.2d 430, 433 (1988). A motion to dismiss should be granted, however, when " 'the facts and circumstances warranted by the evidence do no more than raise a suspicion of guilt or conjecture since there would still remain a reasonable doubt as to defendant's guilt.' " *State v. Turnage,* 362 N.C. 491, 494, 666 S.E.2d 753, 755 (2008) (quoting *Stone,* 323 N.C. at 452, 373 S.E.2d at 433).

Defendant was charged with breaking or entering a motor vehicle in violation of N.C. Gen. Stat. § 14-56 (2009). "For the State to successfully obtain a conviction for breaking and entering a motor vehicle, the State must prove the following five elements beyond a reasonable doubt: (1) there was a breaking or entering by the defendant; (2) without consent; (3) into a motor vehicle; (4) *containing goods, wares, freight, or anything of value*; and (5) with the intent to commit any felony or larceny therein." *Jackson,* 162 N.C. App. at 698, 592 S.E.2d at 577.

Defendant challenges the sufficiency of the evidence on the fourth element. Our Supreme Court has noted that "even items of trivial value satisfy this element of the offense," such as a vehicle registration card, a hubcap key, a C.B. radio, papers, cigarettes, or a shoe bag. *State v. McLaughlin,* 321 N.C. 267, 270, 362 S.E.2d 280, 282 (1987). Nevertheless, when there is no evidence "even . . . that the victim's vehicle contained items of trivial value that belonged to the victim or to anyone else," then a conviction for breaking and entering a motor vehicle must be reversed. *Id.*

In *Jackson,* 162 N.C. App. at 698, 592 S.E.2d at 577, this Court further clarified that the items of value must be separate from the vehicle itself and cannot include "accouterments of a vehicle's interior" such as "seats, carpeting, visors, handles, knobs, cigarette lighters, and radios." The Court explained:

> In [prior decisions], the trivial effects found in the vehicle which were sufficient to go to the jury on the fourth element were effects not inherently a part of the functioning vehicle. The one common feature of the items mentioned in these cases was that they were akin to the cargo of the vehicle: "goods, wares, freight, or anything of value." *See* N.C. Gen. Stat. § 14-56.

> Adopting the State's reading of N.C. Gen. Stat. § 14-56, and specifically the fourth element of that offense, [to include accouterments of a vehicle's interior] would render that ele-

ment redundant and superfluous. . . . The statute clearly requires that the larceny element of the breaking and entering pertain to objects within the vehicle, separate and distinct from the functioning vehicle.

*Id.* at 698-99, 592 S.E.2d at 577. In *Jackson*, the Court concluded that when the State pointed only to the keys for the car and the parts of the car, the State presented insufficient evidence of the fourth element. *Id.* at 699, 592 S.E.2d at 578.

In this case, the State at trial, arguing in opposition to defendant's motion to dismiss, pointed only to testimony by Moton that the truck contained tape players and speakers. Moton was asked whether he knew what was inside the vehicle, and he responded that when Moton and Thompson acquired the truck, tape players and speakers were already installed in the truck. In addition, Thompson and one of the officers testified only that nothing had been removed from the truck.

There was no testimony that the truck contained anything of even trivial value other than components installed in the truck. Under *Jackson*, the tape player and speakers—part of the functioning truck—are not sufficient to prove element four of the offense of breaking and entering a motor vehicle. *Id.*, 592 S.E.2d at 577.

The State, on appeal, argues that Thompson's statements—that defendant did not have time to take anything out of the truck and that it appeared nothing was missing—constituted sufficient evidence of element four. The State reasons that the jury could infer that something of value must have been in the truck because otherwise Thompson would have said there was nothing to take, and "[o]bviously, there had to be something in the truck if in fact 'nothing was missing' after an examination by Mr. Thompson." Since Thompson could have been referring to the fact that the tape player and speakers and other installed components of the truck had not been removed, Thompson's testimony at best gives rise to a suspicion or conjecture that the truck contained items sufficient to meet the fourth element of breaking and entering a motor vehicle. It is not evidence sufficient to survive a motion to dismiss.

As the State presented insufficient evidence that the truck contained goods, wares, freight, or anything of value—as defined by *McLaughlin* and *Jackson*—the trial court erred in failing to grant defendant's motion to dismiss. We must, therefore, "reverse defendant's guilty verdict under N.C. Gen. Stat. § 14-56" and also the jury's

finding that defendant was a habitual felon. *Id.* at 700, 592 S.E.2d at 578. *See also id.* at 699, 592 S.E.2d at 578 ("We cannot remand this case for resentencing under a lesser included offense, because there are no such offenses within N.C. Gen. Stat. § 14-56."). Because we find that the trial court erred in denying defendant's motion to dismiss, we do not reach defendant's other arguments.

Reversed.

Judges BRYANT and BEASLEY concur.