IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-235

No. COA20-575

Filed 1 June 2021

Rockingham County, Nos. 17CRS753, 17CRS50918-19

STATE OF NORTH CAROLINA

v.

DUSTIN CLAYBURN GIBSON

Appeal by Defendant from judgments entered 20 February 2020 by Judge Stanley Allen in Rockingham County Superior Court. Heard in the Court of Appeals 28 April 2021.

*Attorney General Joshua H. Stein, by Assistant Attorney General Dorian Woolaston, for the State-Appellee.*

*Mary McCullers Reece for Defendant-Appellant.*

COLLINS, Judge.

¶ 1     Defendant appeals from judgments entered upon jury verdicts of guilty of various offences, including felony breaking or entering a motor vehicle, and a guilty plea to attaining habitual breaking and/or entering status. Defendant contends that the trial court erred by denying his motion to dismiss the charge of felony breaking or entering a motor vehicle because there was insufficient evidence to sustain a conviction.

## I.     Procedural Background

On 17 February 2020, a jury found Defendant guilty of various offenses, including felony breaking or entering a motor vehicle.  Defendant pled guilty to attaining habitual breaking and/or entering status, while reserving his right to appeal the underlying convictions.  The trial court found one mitigating factor and sentenced Defendant to consecutive prison terms of 26 to 44 months and 8 to 19 months, followed by 5 to 15 months of supervised probation.  Defendant gave oral notice of appeal in open court.

## II.     Discussion

Defendant's sole argument on appeal is that the trial court erred by denying his motion to dismiss the charge of felony breaking or entering a motor vehicle because the State failed to present sufficient evidence that the motor vehicle contained any "goods, wares, freight, or anything of value[,]" an essential element of the charge.  We agree.

### A. Standard of Review

We review de novo a trial court's denial of a motion to dismiss a criminal charge for insufficient evidence.  *State v. Crockett,* 368 N.C. 717, 720, 782 S.E.2d 878, 881 (2016) (citation omitted).  "In reviewing a motion to dismiss based on the sufficiency of the evidence, the scope of the court's review is to determine whether there is substantial evidence of each element of the charged offense."  *State v. Marshall,* 246

N.C. App. 149, 157, 784 S.E.2d 503, 508 (2016) (quotation marks and citation omitted). "Substantial evidence is that amount of relevant evidence necessary to persuade a rational juror to accept a conclusion." *State v. Winkler,* 368 N.C. 572, 574, 780 S.E.2d 824, 826 (2015) (quotation marks and citation omitted).

¶ 5        The evidence must be viewed "in the light most favorable to the State, giving the State the benefit of all reasonable inferences." *State v. Barnes,* 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993). If "the evidence is sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator, the motion to dismiss must be allowed." *Winkler,* 368 N.C. at 575, 780 S.E.2d at 826 (quotation marks and citation omitted). "This is true even though the suspicion so aroused by the evidence is strong." *State v. Cutler,* 271 N.C. 379, 383, 156 S.E.2d 679, 682 (1967) (citation omitted).

## B. Analysis

¶ 6        N.C. Gen. Stat. § 14-56 provides, in pertinent part: "If any person with intent to commit any felony or larceny therein, breaks or enters any . . . motor vehicle . . . containing any goods, wares, freight, or other thing of value . . . that person is guilty of a Class I felony." N.C. Gen. Stat. § 14-56(a) (2020). Items of trivial value satisfy the element of "goods, wares, freight, or other thing of value." *See State v. McClaughlin,* 321 N.C. 267, 270, 362 S.E.2d 280, 282 (1987) (citing *State v. Goodman*, 71 N.C. App. 343, 349-50, 322 S.E. 2d 408, 413 (1984) (registration card, hubcap key);

*State v. Quick*, 20 N.C. App. 589, 590-91, 202 S.E.2d 299, 300-01 (1974) (papers, cigarettes, shoe bag)). Where there is no evidence that the victim's vehicle contained a thing of even trivial value, a conviction for felony breaking or entering a motor vehicle must be reversed. *State v. McDowell,* 217 N.C. App. 634, 636, 720 S.E.2d 423, 424-25 (2011) (quotation marks and citation omitted) (testimony that nothing appeared to be missing from the vehicle and that defendant did not have time to take anything out of the truck "at best" only gave rise to a suspicion or conjecture that the truck contained things of value and was not sufficient to survive a motion to dismiss).

¶ 7 In this case, Defendant was charged with felony breaking or entering a pickup truck that was parked overnight at a business. The business owner, Jonathan Coleman, testified that the truck was an employee's personal vehicle that had been parked at the business overnight. Coleman testified that the "car window was busted open" and there was "[s]ome stuff scattered around in it." Deputy Zachary Fulp testified that the vehicle's window had been "busted out and went through." Detective Angela Webster assisted the investigation and took photographs of the crime scene. She testified that she "noticed a white Chevrolet truck that had the windows busted out of it."

¶ 8 The record is devoid of any evidence that the truck contained an item of even trivial value, and there was no evidence that anything had been taken from inside

the truck.[1]  While the testimony that there was "[s]ome stuff scattered around" the vehicle is evidence that things may have been in the vehicle – broken glass, for example – such testimony is not evidence that those things were even of a trivial value.  The testimony, at best, merely gives rise to a suspicion that the truck contained items of value and is not sufficient evidence to survive a motion to dismiss. *See McDowell,* 217 N.C. App. at 634, 720 S.E.2d at 423.

¶ 9        The State argues that since evidence was presented that the vehicle was used by an employee on a regular basis, it can be reasonably inferred that the vehicle contained "items of value."

¶ 10        Although evidence that a vehicle is owned by a dealership is "strong circumstantial evidence that the car was in fact empty of all goods or wares of even the most trivial value[,]" *State v. Jackson,* 162 N.C. App. 695, 699, 592 S.E.2d 575, 578 (2004), evidence that a vehicle is owned and used by an individual is sufficient only to raise a suspicion or conjecture that the vehicle contained items of value and is not sufficient evidence that the vehicle contained items of value to survive a motion

---

[1] The State also introduced and published photographs depicting the broken window of the motor vehicle, but they were not included in the record on appeal.  The State was served with Defendant's proposed Record on Appeal and failed to object or propose an alternative record on appeal, so Defendant's "proposed record on appeal thereupon constitutes the record on appeal." N.C. R. App. P. 11(a).  Our review is limited to "the record on appeal, the transcript of proceedings, if one is designated, and any other items filed pursuant to this Rule 9[.]"  N.C. R. App. P. 9(a).

to dismiss. *State v. McLaughlin,* 321 N.C. 267, 271, 362 S.E.2d 280, 282 (1987) (reversing defendant's conviction for breaking and entering a motor vehicle for insufficient evidence despite evidence that the vehicle was owned by victim and parked outside her home). Accordingly, the State's argument lacks merit.

¶ 11        At trial, Defendant moved to dismiss all the charges, specifically including the charge of felony breaking or entering a motor vehicle. When asked by the trial court to respond to the motion, the State argued as follows:

> Your Honor, Mr. Coleman was able to pull out testimony that the vehicle was on his property. The vehicle was intact. No broken windows. There's photographic evidence that the window was broken and something happened, I mean, it's broken into.
>
> Reviewing of the video, you can see that suddenly the lights on the vehicle are coming on. There's an individual walking around the vehicle. Mr. Coleman was able to identify the owner of the vehicle as one of the employees.
>
> Your Honor, I believe there's sufficient evidence to meet all of the elements that a breaking occurred: a window was broken of a vehicle, we know who the property owner is, and it was on the property of Mr. Coleman. You can see the pictures in the video, it happened.

¶ 12        At that point, the trial court announced, "All right. I'll deny your motions in all of the charges at this point." The State did not even address the element of "goods, wares, freight, or other thing of value," much less argue that the evidence presented was sufficient to support that element.

A careful review of the record shows that the State presented insufficient evidence that the truck contained "goods, wares, freight, or other thing of value," an essential element of felony breaking or entering a motor vehicle. Defendant's conviction of that charge is reversed.

### III. Conclusion

As there was insufficient evidence that the motor vehicle contained "goods, wares, freight, or other thing of value[,]" we reverse Defendant's conviction for felony breaking or entering a motor vehicle. Because the trial court consolidated Defendant's conviction for felony breaking or entering a motor vehicle with his conviction for injury to real property, we remand for resentencing as to the injury to real property conviction. *See State v. Fuller,* 196 N.C. App. 412, 426, 674 S.E.2d 824, 833 (2009).

REVERSED AND REMANDED.

Judges DIETZ and JACKSON concur.