IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-235

 No. COA20-575

 Filed 1 June 2021

 Rockingham County, Nos. 17CRS753, 17CRS50918-19

 STATE OF NORTH CAROLINA

 v.

 DUSTIN CLAYBURN GIBSON

 Appeal by Defendant from judgments entered 20 February 2020 by Judge

 Stanley Allen in Rockingham County Superior Court. Heard in the Court of Appeals

 28 April 2021.

 Attorney General Joshua H. Stein, by Assistant Attorney General Dorian
 Woolaston, for the State-Appellee.

 Mary McCullers Reece for Defendant-Appellant.

 COLLINS, Judge.

¶1 Defendant appeals from judgments entered upon jury verdicts of guilty of

 various offences, including felony breaking or entering a motor vehicle, and a guilty

 plea to attaining habitual breaking and/or entering status. Defendant contends that

 the trial court erred by denying his motion to dismiss the charge of felony breaking

 or entering a motor vehicle because there was insufficient evidence to sustain a

 conviction.
 STATE V. GIBSON

 2021-NCCOA-235

 Opinion of the Court

 I. Procedural Background

¶2 On 17 February 2020, a jury found Defendant guilty of various offenses,

 including felony breaking or entering a motor vehicle. Defendant pled guilty to

 attaining habitual breaking and/or entering status, while reserving his right to

 appeal the underlying convictions. The trial court found one mitigating factor and

 sentenced Defendant to consecutive prison terms of 26 to 44 months and 8 to 19

 months, followed by 5 to 15 months of supervised probation. Defendant gave oral

 notice of appeal in open court.

 II. Discussion

¶3 Defendant’s sole argument on appeal is that the trial court erred by denying

 his motion to dismiss the charge of felony breaking or entering a motor vehicle

 because the State failed to present sufficient evidence that the motor vehicle

 contained any “goods, wares, freight, or anything of value[,]” an essential element of

 the charge. We agree.

 A. Standard of Review

¶4 We review de novo a trial court’s denial of a motion to dismiss a criminal charge

 for insufficient evidence. State v. Crockett, 368 N.C. 717, 720, 782 S.E.2d 878, 881

 (2016) (citation omitted). “In reviewing a motion to dismiss based on the sufficiency

 of the evidence, the scope of the court’s review is to determine whether there is

 substantial evidence of each element of the charged offense.” State v. Marshall, 246
 STATE V. GIBSON

 2021-NCCOA-235

 Opinion of the Court

 N.C. App. 149, 157, 784 S.E.2d 503, 508 (2016) (quotation marks and citation

 omitted). “Substantial evidence is that amount of relevant evidence necessary to

 persuade a rational juror to accept a conclusion.” State v. Winkler, 368 N.C. 572, 574,

 780 S.E.2d 824, 826 (2015) (quotation marks and citation omitted).

¶5 The evidence must be viewed “in the light most favorable to the State, giving

 the State the benefit of all reasonable inferences.” State v. Barnes, 334 N.C. 67, 75,

 430 S.E.2d 914, 918 (1993). If “the evidence is sufficient only to raise a suspicion or

 conjecture as to either the commission of the offense or the identity of the defendant

 as the perpetrator, the motion to dismiss must be allowed.” Winkler, 368 N.C. at 575,

 780 S.E.2d at 826 (quotation marks and citation omitted). “This is true even though

 the suspicion so aroused by the evidence is strong.” State v. Cutler, 271 N.C. 379,

 383, 156 S.E.2d 679, 682 (1967) (citation omitted).

 B. Analysis

¶6 N.C. Gen. Stat. § 14-56 provides, in pertinent part: “If any person with intent

 to commit any felony or larceny therein, breaks or enters any . . . motor vehicle . . .

 containing any goods, wares, freight, or other thing of value . . . that person is guilty

 of a Class I felony.” N.C. Gen. Stat. § 14-56(a) (2020). Items of trivial value satisfy

 the element of “goods, wares, freight, or other thing of value.” See State v.

 McClaughlin, 321 N.C. 267, 270, 362 S.E.2d 280, 282 (1987) (citing State v. Goodman,

 71 N.C. App. 343, 349-50, 322 S.E. 2d 408, 413 (1984) (registration card, hubcap key);
 STATE V. GIBSON

 2021-NCCOA-235

 Opinion of the Court

 State v. Quick, 20 N.C. App. 589, 590-91, 202 S.E.2d 299, 300-01 (1974) (papers,

 cigarettes, shoe bag)). Where there is no evidence that the victim’s vehicle contained

 a thing of even trivial value, a conviction for felony breaking or entering a motor

 vehicle must be reversed. State v. McDowell, 217 N.C. App. 634, 636, 720 S.E.2d 423,

 424-25 (2011) (quotation marks and citation omitted) (testimony that nothing

 appeared to be missing from the vehicle and that defendant did not have time to take

 anything out of the truck “at best” only gave rise to a suspicion or conjecture that the

 truck contained things of value and was not sufficient to survive a motion to dismiss).

¶7 In this case, Defendant was charged with felony breaking or entering a pickup

 truck that was parked overnight at a business. The business owner, Jonathan

 Coleman, testified that the truck was an employee’s personal vehicle that had been

 parked at the business overnight. Coleman testified that the “car window was busted

 open” and there was “[s]ome stuff scattered around in it.” Deputy Zachary Fulp

 testified that the vehicle’s window had been “busted out and went through.”

 Detective Angela Webster assisted the investigation and took photographs of the

 crime scene. She testified that she “noticed a white Chevrolet truck that had the

 windows busted out of it.”

¶8 The record is devoid of any evidence that the truck contained an item of even

 trivial value, and there was no evidence that anything had been taken from inside
 STATE V. GIBSON

 2021-NCCOA-235

 Opinion of the Court

 the truck.1 While the testimony that there was “[s]ome stuff scattered around” the

 vehicle is evidence that things may have been in the vehicle – broken glass, for

 example – such testimony is not evidence that those things were even of a trivial

 value. The testimony, at best, merely gives rise to a suspicion that the truck

 contained items of value and is not sufficient evidence to survive a motion to dismiss.

 See McDowell, 217 N.C. App. at 634, 720 S.E.2d at 423.

¶9 The State argues that since evidence was presented that the vehicle was used

 by an employee on a regular basis, it can be reasonably inferred that the vehicle

 contained “items of value.”

¶ 10 Although evidence that a vehicle is owned by a dealership is “strong

 circumstantial evidence that the car was in fact empty of all goods or wares of even

 the most trivial value[,]” State v. Jackson, 162 N.C. App. 695, 699, 592 S.E.2d 575,

 578 (2004), evidence that a vehicle is owned and used by an individual is sufficient

 only to raise a suspicion or conjecture that the vehicle contained items of value and

 is not sufficient evidence that the vehicle contained items of value to survive a motion

 1 The State also introduced and published photographs depicting the broken window

 of the motor vehicle, but they were not included in the record on appeal. The State was served
 with Defendant’s proposed Record on Appeal and failed to object or propose an alternative
 record on appeal, so Defendant’s “proposed record on appeal thereupon constitutes the record
 on appeal.” N.C. R. App. P. 11(a). Our review is limited to “the record on appeal, the
 transcript of proceedings, if one is designated, and any other items filed pursuant to this Rule
 9[.]” N.C. R. App. P. 9(a).
 STATE V. GIBSON

 2021-NCCOA-235

 Opinion of the Court

 to dismiss. State v. McLaughlin, 321 N.C. 267, 271, 362 S.E.2d 280, 282 (1987)

 (reversing defendant’s conviction for breaking and entering a motor vehicle for

 insufficient evidence despite evidence that the vehicle was owned by victim and

 parked outside her home). Accordingly, the State’s argument lacks merit.

¶ 11 At trial, Defendant moved to dismiss all the charges, specifically including the

 charge of felony breaking or entering a motor vehicle. When asked by the trial court

 to respond to the motion, the State argued as follows:

 Your Honor, Mr. Coleman was able to pull out testimony
 that the vehicle was on his property. The vehicle was
 intact. No broken windows. There’s photographic evidence
 that the window was broken and something happened, I
 mean, it’s broken into.

 Reviewing of the video, you can see that suddenly the lights
 on the vehicle are coming on. There’s an individual
 walking around the vehicle. Mr. Coleman was able to
 identify the owner of the vehicle as one of the employees.

 Your Honor, I believe there’s sufficient evidence to meet all
 of the elements that a breaking occurred: a window was
 broken of a vehicle, we know who the property owner is,
 and it was on the property of Mr. Coleman. You can see
 the pictures in the video, it happened.

¶ 12 At that point, the trial court announced, “All right. I’ll deny your motions in

 all of the charges at this point.” The State did not even address the element of “goods,

 wares, freight, or other thing of value,” much less argue that the evidence presented

 was sufficient to support that element.
 STATE V. GIBSON

 2021-NCCOA-235

 Opinion of the Court

¶ 13 A careful review of the record shows that the State presented insufficient

 evidence that the truck contained “goods, wares, freight, or other thing of value,” an

 essential element of felony breaking or entering a motor vehicle. Defendant’s

 conviction of that charge is reversed.

 III. Conclusion

¶ 14 As there was insufficient evidence that the motor vehicle contained “goods,

 wares, freight, or other thing of value[,]” we reverse Defendant’s conviction for felony

 breaking or entering a motor vehicle. Because the trial court consolidated

 Defendant’s conviction for felony breaking or entering a motor vehicle with his

 conviction for injury to real property, we remand for resentencing as to the injury to

 real property conviction. See State v. Fuller, 196 N.C. App. 412, 426, 674 S.E.2d 824,

 833 (2009).

 REVERSED AND REMANDED.

 Judges DIETZ and JACKSON concur.