STATE OF NORTH CAROLINA v. TRACY LAMONT CLARK

No. COA10-235

(Filed 7 December 2010)

**1. Indictment and Information— indictment—breaking or entering into a motor vehicle with the intent to commit larceny of the same vehicle—no fatal defect**

The trial court did not lack subject matter jurisdiction to try defendant for breaking or entering into a motor vehicle because defendant's indictment on that charge was not fatally defective. An indictment charging a defendant with breaking or entering into a motor vehicle with the intent to commit larceny of the same motor vehicle contains no fatal defect, so long as the remaining elements of the offense are also charged in the indictment.

**2. Burglary and Unlawful Breaking or Entering— sufficiency of evidence—motion to dismiss properly denied**

The trial court did not err by denying defendant's motion to dismiss the charge of breaking or entering into a motor vehicle. The State presented substantial evidence that defendant broke and entered into a pickup truck which was worth more than $1000 with the intent to steal it.

**3. Larceny— sufficiency of evidence—motion to dismiss properly denied**

The trial court did not err by denying defendant's motion to dismiss the charge of attempted nonfelonious larceny as the State presented substantial evidence of all the elements of the offense.

**4. Sentencing— habitual felon conviction—argument overruled**

Defendant's argument that the trial court erred by sentencing defendant as an habitual felon was overruled. Defendant's argument was premised upon his challenge to his breaking or entering into a motor vehicle conviction, which was rejected by the Court of Appeals.

Appeal by defendant from judgment entered 25 August 2009 by Judge Edwin G. Wilson, Jr. in Rockingham County Superior Court. Heard in the Court of Appeals 15 September 2010.

*Attorney General Roy Cooper, by Assistant Attorney General David W. Boone, for the State.*

*J. Edward Yeager, Jr., for defendant-appellant.*

CALABRIA, Judge.

Tracy Lamont Clark ("defendant") appeals from a judgment entered upon (1) jury verdicts finding him guilty of breaking or entering into a motor vehicle, attempted non-felonious larceny, and injury to personal property; and (2) his plea of guilty to attaining the status of an habitual felon. We find no error.

## I. Background

In he early morning hours of 31 July 2008, Callie Mae Thomas ("Ms. Thomas") heard several loud noises emanating from outside the front window of her apartment. When Ms. Thomas looked out her window, she saw two men inside a blue and white 1978 Chevrolet pickup truck ("the pickup truck"), which Ms. Thomas knew belonged to her neighbor, Debro McAdoo ("McAdoo"). After unsuccessfully attempting to contact McAdoo, Ms. Thomas called 911 to report the men.

Officer B. Patterson ("Officer Patterson") and Sergeant Doyle O'Bryant ("Sgt. O'Bryant") (collectively "the officers") of the Reidsville Police Department responded to Ms. Thomas' 911 call. Upon their arrival, the officers witnessed the two men exit the pickup truck. Defendant came out of the driver's side of the pickup truck and was subsequently arrested by the officers.

The officers then awoke McAdoo and had him examine the pickup truck. McAdoo noted that the steering column had been damaged and that some tools he had placed behind the seat on the driver's side had been strewn about the pickup truck. McAdoo spent approximately six or seven hundred dollars to restore the pickup truck to working condition.

Defendant was indicted for breaking or entering into a motor vehicle, attempted felony larceny, and misdemeanor injury to personal property. The indictment for breaking or entering into a motor vehicle specifically stated that defendant broke or entered into the pickup truck with the intent to commit felonious larceny of the same pickup truck. Defendant was also separately indicted for attaining the status of an habitual felon.

STATE v. CLARK

[208 N.C. App. 388 (2010)]

Beginning 24 August 2009, defendant was tried by a jury in Rockingham County Superior Court. At the close of the State's evidence, defendant made a motion to dismiss all charges, which was denied by the trial court. Defendant presented two witnesses that testified that the value of the pickup truck was less than $1000. Defendant declined to testify on his own behalf. At the close of all evidence, defendant renewed his motion to dismiss all charges, and the motion was again denied by the trial court.

On 25 August 2009, the jury returned verdicts finding defendant guilty of breaking or entering into a motor vehicle, attempted non-felonious larceny, and injury to personal property. Defendant then pled guilty to attaining the status of an habitual felon. As a result, the trial court sentenced defendant to a minimum of 144 months to a maximum of 182 months in the North Carolina Department of Correction. Defendant appeals.

## II. Sufficiency of Indictment

[1] Defendant argues that the trial court lacked subject matter jurisdiction to try defendant for breaking or entering into a motor vehicle because defendant's indictment on that charge was fatally defective. We disagree.

Initially, we note that defendant did not object to the breaking or entering a motor vehicle indictment at trial. However,

> [w]here there is a fatal defect in the indictment, verdict or judgment which appears on the face of the record, a judgment which is entered notwithstanding said defect is subject to a motion in arrest of judgment. A defect in an indictment is considered fatal if it "wholly fails to charge some offense . . . or fails to state some essential and necessary element of the offense of which the defendant is found guilty." When such a defect is present, it is well established that a motion in arrest of judgment may be made at any time in any court having jurisdiction over the matter, even if raised for the first time on appeal.

*State v. Patterson*, 194 N.C. App. 608, 612, 671 S.E.2d 357, 360 (2009) (quoting *State v. Wilson*, 128 N.C. App. 688, 691, 497 S.E.2d 416, 419 (1998)).

> For the State to successfully obtain a conviction for breaking and entering a motor vehicle, the State must prove the following five elements beyond a reasonable doubt: (1) there was a breaking or

entering by the defendant; (2) without consent; (3) into a motor vehicle; (4) containing goods, wares, freight, or anything of value; and (5) with the intent to commit any felony or larceny therein.

*State v. Jackson,* 162 N.C. App. 695, 698, 592 S.E.2d 575, 577 (2004) (emphasis omitted) (citing N.C. Gen. Stat. § 14-56 (2003)). The dispute in the instant case concerns element (5) ("the fifth element"). The indictment for breaking or entering into a motor vehicle specifically charged defendant with the intent to commit felonious larceny of the pickup truck. Defendant contends that he could not be charged with breaking or entering into a motor vehicle with the intent to commit larceny of the same motor vehicle under the statute.

The State argues that it is unnecessary to consider this argument since "the language concerning the larceny of the truck itself is surplusage[.]" In making this argument, the State relies upon our Supreme Court's opinion in *State v. Worsley,* 336 N.C. 268, 443 S.E.2d 68 (1994). The *Worsley* Court held that, pursuant to N.C. Gen. Stat. § 15A-924(a)(5), an indictment charging a defendant with first-degree burglary was not required to state the specific felony the defendant intended to commit at the time of the breaking and entering. *Id.* at 280-81, 443 S.E.2d at 74. We agree with the State that this holding is equally applicable to an indictment charging a defendant with breaking or entering into a motor vehicle. However, we do not agree with the State that this holding renders that portion of the indictment which alleges that defendant intended to commit felony larceny of the pickup mere surplusage.

"It is the State that draws up the indictment and crafts its language before submitting the indictment to the grand jury." *State v. Silas,* 360 N.C. 377, 383, 627 S.E.2d 604, 608 (2006). As a result, our Supreme Court has held that "in felonious breaking or entering cases, as in burglary cases, 'when the indictment alleges an intent to commit a particular felony, the State must prove the particular felonious intent alleged.' " *Id.* (quoting *State v. Wilkinson,* 344 N.C. 198, 222, 474 S.E.2d 375, 388 (1996)). This holding is also applicable to the offense of felonious breaking or entering into a motor vehicle. Since the State decided to charge defendant with the intent to commit a specific felony, we must determine whether the breaking or entering into a motor vehicle with the intent to commit larceny of the same motor vehicle is a valid offense under N.C. Gen. Stat. § 14-56 (2009), when all other statutory requirements are met.

The primary goal of statutory construction is to effectuate the purpose of the legislature in enacting the statute. The first step in

determining a statute's purpose is to examine the statute's plain language. Where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must construe the statute using its plain meaning.

*State v. Hooper*, 358 N.C. 122, 125, 591 S.E.2d 514, 516 (2004) (internal quotations and citations omitted). The offense of breaking or entering into a motor vehicle requires as its fifth element "the intent to commit any felony or larceny therein[.]" N.C. Gen. Stat. § 14-56 (2009). Defendant does not contest that felonious larceny of an automobile satisfies the "any felony or larceny" language of the statute, but instead argues that it cannot satisfy the "therein" portion of the statute. Defendant contends that the "intent to commit any felony or larceny therein" portion of N.C. Gen. Stat. § 14-56 requires an intent to commit a crime that can be completed only within the physical confines of the vehicle itself and cannot refer to a crime involving the vehicle. We disagree.

"The word 'therein' has been commonly understood to mean 'in that place.'" *People v. Steppan*, 473 N.E.2d 1300, 1304 (Ill. 1985) (quoting Black's Law Dictionary 1325 (5th ed. 1979)); *see also State v. Stephens*, 601 So.2d 1195, 1196 (Fla. 1992) ("In common English usage, 'therein' means '[i]n that place.'") (quoting American Heritage Dictionary 1261 (2d ed. 1985)).

> The use of the word "therein" plainly indicates that the crime of burglary can exist if the defendant formed an intent to commit a crime "in that place." There is no requirement that the crime must be one that can be completed solely within the fixed limits of that particular place, only that the crime is intended to be committed there. This obviously can include an intent to commit car theft, because such a crime can be committed "in that place."

*Id.*; *accord Steppan*, 473 N.E.2d at 1304.

We find the Florida Supreme Court's reasoning persuasive, as it relies upon the plain meaning of the word "therein," and we use this reasoning to aid our interpretation of N.C. Gen. Stat. § 14-56. A defendant can form the intent to commit felonious larceny of a motor vehicle in the place where he is breaking or entering into the same motor vehicle, and there is no reason why a defendant cannot be punished for both the breaking or entering into a motor vehicle and the larceny of the same motor vehicle, as these ultimately constitute two separate offenses. As explained by the Florida Supreme Court, the offense

of burglary of a conveyance (the Florida equivalent offense to our breaking or entering into a motor vehicle offense) is

> complete the moment the defendant enters or remains within the vehicle with the requisite intent. Even if the defendant changes plans and decides not to steal the vehicle, the crime of burglary still would exist. However, if the defendant then takes the additional step of starting the vehicle and driving away with it, the separate crime of auto theft then will be complete. In sum, two separate evils involving two distinct temporal events are involved in the typical auto theft. Nothing in our law prohibits the charging of both offenses merely because both often occur within a single transaction.

*Stephens*, 601 So.2d at 1197. Thus, we hold that charging a defendant with breaking or entering into a motor vehicle with the intent to commit larceny of the same motor vehicle satisfies the fifth element of N.C. Gen. Stat. § 14-56. In reaching this holding, we note that it is consistent with cases in other jurisdictions, in addition to the Florida and Illinois cases cited above, which have also considered this question and have uniformly permitted the offense of larceny of a motor vehicle to serve as the intended offense element of breaking and entering or burglary of the same motor vehicle. *See, e.g., State v. Ealom*, 763 P.2d 1108, 1988 Kan. App. LEXIS 722 (Kan. Ct. App. 1988) (unpublished); *People v. Teamer*, 25 Cal. Rptr. 2d 296 (Cal. Ct. App. 1993); *State v. Hernandez*, 865 P.2d 1206 (N.M. Ct. App. 1993); *State v. Brown*, 936 P.2d 181 (Ariz. Ct. App. 1997); and *State v. Ralph*, 6 S.W.3d 251 (Tenn. 1999).

Defendant contends that this interpretation of the fifth element of N.C. Gen. Stat. § 14-56 cannot be reconciled with this Court's opinion in *Jackson*. In *Jackson*, the defendant was charged with breaking and entering into a 1988 Honda, which was owned by an auto dealership. 162 N.C. App. at 699, 592 S.E.2d at 578. The State provided no evidence that there were any items of value in the car other than the keys and other parts of the car. *Id.* Consequently, this Court held that the State failed to present substantial evidence of the fourth element of the offense, that the motor vehicle contain "goods, wares, freight, or anything of value," ("the fourth element") and dismissed the charge. *Id.* at 699, 592 S.E.2d at 577-78. In reaching this holding, the *Jackson* Court rejected the State's argument that the "seats, carpeting, visors, handles, knobs, cigarette lighters, and radios," i.e., the parts of the car into which the defendant broke and entered, could be used to

satisfy the fourth element. *Id.* at 698, 592 S.E.2d at 577. The *Jackson* Court stated that the State's argument would render the fourth element of the offense superfluous, and thus held that "the larceny element of the breaking and entering pertain[ed] to objects within the vehicle, separate and distinct from the functioning vehicle." *Id.* at 699, 592 S.E.2d at 577. Defendant argues that this holding of the *Jackson* Court created a distinction between larceny offenses and all other felonies for the purposes of the fifth element of breaking or entering into a motor vehicle.

Defendant's argument misreads Jackson to create a non-existent distinction in N.C. Gen. Stat. § 14-56. While its holding references the term "larceny," it is clear from a close reading of the case that the *Jackson* Court was specifically discussing only the requirements necessary to satisfy the fourth element of the offense. We agree with the *Jackson* Court that, pursuant to our caselaw, the fourth element of N.C. Gen. Stat. § 14-56 cannot be satisfied without evidence of some items of value within the motor vehicle, separate and distinct from the functioning vehicle. However, contrary to defendant's argument, this holding is equally applicable regardless of which intended felony or larceny satisfies the fifth element of the offense, as the fourth element of the offense must always be satisfied in order to obtain a conviction under N.C. Gen. Stat. § 14-56.

Thus, we do not read *Jackson*, which did not discuss the fifth element in any detail, to limit the possible offenses that would satisfy the fifth element. The fourth element must be independently satisfied by objects within the vehicle which are separate and distinct from the functioning vehicle in all cases, regardless of the specific felony or larceny that satisfies the fifth element. This includes cases where the fifth element of the offense is satisfied by felonious larceny of the vehicle which is being broken or entered into.

We cannot adopt defendant's interpretation of the fifth element without reading the "any felony or larceny" language out of N.C. Gen. Stat. § 14-56. This is impermissible, as "[i]t is well established that a statute must be construed, if possible, to give meaning and effect to all of its provisions." *State v. Braxton*, 183 N.C. App. 36, 42, 643 S.E.2d 637, 641 (2007) (internal quotations and citation omitted). As defendant concedes, the indictment in the instant case charged defendant with breaking or entering into a motor vehicle, which contained items of value, with the intent to commit a felony; specifically, defendant was charged with the intent to commit larceny of the motor vehicle broken into. N.C. Gen. Stat. § 14-56 does not contain an exception to

its fifth element for felony larceny of the vehicle that is broken or entered into, and we decline to judicially create such an exception.

Therefore, we hold that an indictment charging a defendant with breaking or entering into a motor vehicle with the intent to commit larceny of the same motor vehicle contains no fatal defect, so long as the remaining elements of the offense are also charged in the indictment. Defendant does not dispute that the indictment alleged the remaining elements of breaking or entering into a motor vehicle. Thus, the indictment in the instant case contained no fatal defect, and consequently, the trial court had jurisdiction to try defendant for violating N.C. Gen. Stat. § 14-56. This assignment of error is overruled.

### III. Motion to Dismiss

[2] Defendant argues that the trial court erred by denying his motion to dismiss the charges of breaking or entering into a motor vehicle and attempted felonious larceny. We disagree.

> We review a trial court's denial of a motion to dismiss criminal charges *de novo*, to determine whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. Substantial evidence is evidence that a reasonable mind might find adequate to support a conclusion. The evidence is to be considered in the light most favorable to the State; the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom[.]

*State v. Fraley*, —— N.C. App. ——, ——, 688 S.E.2d 778, 783 (internal quotations and citations omitted), *disc. rev. denied*, 364 N.C. 243, 698 S.E.2d 660 (2010).

### A. Breaking or Entering Into a Motor Vehicle

Defendant first contends that evidence that he intended to commit larceny of the pickup truck was insufficient to prove breaking or entering into a motor vehicle because the intent to commit larceny of the motor vehicle broken or entered into cannot satisfy the fifth element of the offense. As we have already rejected this argument, we need not address it further. As defendant concedes, the State presented substantial evidence that defendant broke and entered into the pickup truck with the intent to steal it.

Defendant also argues that even if larceny of the pickup truck satisfies the fifth element, the State failed to present substantial evi-

dence that the pickup truck was worth $1000. Defendant is correct that felony larceny constitutes "[l]arceny of goods of the value of more than one thousand dollars[.]" N.C. Gen. Stat. § 14-72(a) (2009). However, a review of the record reveals that the State presented evidence that the pickup truck was worth more than $1000.

As defendant acknowledges, the State presented the testimony of three witnesses—McAdoo, Officer Patterson, and Sgt. O'Bryant—who each testified that they believed the pickup truck was worth more than $1000. The fact that defendant presented witnesses who valued the pickup truck below $1000 was immaterial, because "[c]ontradictions and discrepancies do not warrant dismissal of the case but are for the jury to resolve[.]" *Fraley*, —— N.C. App. at ——, 688 S.E.2d at 783. Considering the evidence in the light most favorable to the State, there was substantial evidence presented that the pickup truck was worth more than $1000. This assignment of error is overruled.

## B. Attempted Felonious Larceny

[3] Defendant argues that the trial court erred by denying his motion to dismiss the charge of attempted felonious larceny. However, because defendant was only found guilty of the lesser included offense of nonfelonious larceny at trial, we determine only whether the trial court erred by denying defendant's motion to dismiss this lesser included offense. *Cf. State v. Williams*, 184 N.C. App. 351, 355, 646 S.E.2d 613, 616 (2007) (reviewing the denial of the defendant's motion to dismiss for the lesser included offense of Class E felony child abuse, rather than Class C felony child abuse, when both offenses were submitted to the jury and the defendant was convicted of the lesser included offense.).

The elements of nonfelonious larceny are the same as felonious larceny, except that for nonfelonious larceny the stolen goods must be worth $1000 or less. N.C. Gen. Stat. § 14-72(a) (2009). Since defendant only argues that the State failed to present substantial evidence that the pickup truck challenge that defendant committed attempted larceny of the pickup truck, his argument necessarily fails. This assignment of error is overruled.

## IV. Habitual Felon

[4] Defendant argues that the trial court erred by sentencing defendant as an habitual felon. Defendant's argument is premised upon a successful challenge to his breaking or entering into a motor vehicle

conviction. Since we have rejected defendant's arguments regarding this conviction, this assignment of error is without merit.

## V. Conclusion

The record on appeal includes an additional assignment of error not addressed by defendant in his brief to this Court. Pursuant to N.C.R. App. P. 28(b)(6) (2008), we deem this assignment of error abandoned and need not address it. There was no fatal defect in the indictment which charged defendant with breaking or entering into a motor vehicle with the intent to commit larceny of that same motor vehicle. Additionally, the State presented substantial evidence of each element of the offenses for which defendant was convicted. Finally, the trial court properly sentenced defendant as an habitual felon. Defendant received a fair trial, free from error.

No error.

Judges McGEE and GEER concur.