NO. COA13-1080

NORTH CAROLINA COURT OF APPEALS

Filed: 17 June 2014

STATE OF NORTH CAROLINA

   v.                                Nash County
                                     Nos. 12 CRS 51464
MARKEITH RAYSHOUN MITCHELL,               12 CRS 51466
      Defendant.


Appeal by defendant from judgments entered 16 May 2013 by Judge Marvin K. Blount, III in Nash County Superior Court. Heard in the Court of Appeals 22 January 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Amy Kunstling Irene, for the State.*

> *William B. Gibson for defendant-appellant.*


GEER, Judge.


Defendant Markeith Rayshoun Mitchell appeals from his convictions of felonious breaking or entering a motor vehicle, first degree trespass, injury to real property, and attempted larceny. On appeal, defendant primarily contends that the trial court erred in denying his motion to dismiss the charge of breaking or entering and in instructing the jury on a charge of "breaking *or* entering" when the indictment charged "breaking *and* entering." We hold that because of the disjunctive language of

N.C. Gen. Stat. § 14-56 (2013), the State need not prove both a breaking and an entering and the instruction was not erroneous. The State's evidence that defendant opened the car door with intent to steal the car itself was substantial evidence that defendant committed a breaking with intent to commit a felony therein. Because defendant does not challenge the sufficiency of the State's evidence as to the remaining elements of the charge, we hold that the trial court did not err in denying the motion to dismiss.

## Facts

The State's evidence tended to show the following facts. On 26 March 2012, defendant offered Marcus Lucas $50.00 to "help him get a car." The two men drove in defendant's Jeep Cherokee to 1021 Russell Street, the property where the vehicle was located. When they arrived, the fence around the property was locked. Defendant and Lucas tore the fence down and entered the property.

Once inside, defendant backed his Jeep up to a shelter in the backyard where a 1979 Dodge Aspen was parked. Defendant and Lucas exited the Jeep, and defendant opened the door of the Dodge. Lucas stood back as defendant retrieved the tire pump from his Jeep and began pumping up the flat tire on the Dodge.

Meanwhile, Officer J.K. Richardson of the Rocky Mount Police Department received a call that a breaking and entering was in progress on 1021 Russell Street. Officer Richardson arrived at the scene a short time later and announced his presence as he approached the garage. Although Lucas immediately fled, defendant, who was at the rear of the Dodge pumping the tire, did not see the police arrive. Defendant was arrested at the scene, while Lucas was arrested later.

After taking defendant into custody, Officer Richardson returned to the garage. The Jeep was backed up to the garage approximately five feet from the Dodge, and the trunk and driver's door of the Jeep were open. Inside the Jeep, Officer Richardson saw an air compressor and a metal pipe with pieces of rope on each end, an apparatus that is normally used for towing vehicles. There was a rope attached to the back of the Jeep that went toward the Dodge, but was not yet hooked up to the Dodge.

The driver's side door of the Dodge had been left open. Officer Richardson concluded that the door had recently been opened because it was pollen season and the outside of the Dodge and the garage were both very dusty, but there was no pollen on the interior of the Dodge or on the tool kits and tarps stored inside the Dodge.

The Dodge and the property where it was parked belonged to Brenda Simmons, who had inherited it from her deceased parents. Ms. Simmons had never opened the driver's door of the Dodge after her father passed away. She had visited her property the evening prior to defendant's arrest while it was still daylight out and, from her vantage point in the backyard, she had not noticed the car door of the Dodge being open. Ms. Simmons did not know defendant or Lucas and did not consent to either of them coming on her property or taking the Dodge.

On 4 June 2012, defendant was indicted for attempted larceny, first degree trespass, injury to real property, and breaking and entering a motor vehicle. At trial, defendant testified on his own behalf. He claimed that, on the morning of 26 March 2012, he was out driving when he saw Lucas motion for him to stop. Lucas told defendant that a friend had given him a car and that he needed someone to help him get the car home. He offered defendant $50.00 to help, and defendant agreed. Lucas already had a chain for towing, but they went to defendant's uncle's house to get a towing bar and an air compressor. When they arrived at the property where the car was located, defendant saw that there was a locked fence, but Lucas pulled the fence over to one side with his hands.

Once they gained entry onto the property, defendant backed the Jeep up to the Dodge while Lucas retrieved a chain off the dog house in the backyard. At that point, the police arrived and Lucas fled. Defendant did not flee because he did not know that they were stealing a car. Defendant denied having ever touched the Dodge, having opened the car door, or having noticed that the door was ajar.

The jury found defendant guilty of attempted larceny, first degree trespass, injury to real property, and breaking or entering a motor vehicle. The trial court sentenced defendant to 60 days imprisonment on the consolidated charges of attempted larceny, first degree trespass, and injury to real property. The trial court also sentenced defendant to six to 17 months imprisonment for breaking or entering a motor vehicle, but suspended the sentence and imposed 24 months of supervised probation. Defendant timely appealed to this Court.

I

Defendant first argues that the trial court erred in denying his motion to dismiss the charge of felonious breaking or entering a motor vehicle. "'Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and

(2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.'" *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (2000) (quoting *State v. Barnes*, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993)). "This Court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). We must "consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994).

Defendant was charged with breaking and entering a motor vehicle in violation of N.C. Gen. Stat. § 14-56. In order to obtain a conviction for breaking and entering a motor vehicle,

> "the State must prove the following five elements beyond a reasonable doubt: (1) there was a breaking or entering by the defendant; (2) without consent; (3) into a motor vehicle; (4) containing goods, wares, freight, or anything of value; and (5) with the intent to commit any felony or larceny therein."

*State v. Clark*, 208 N.C. App. 388, 390-91, 702 S.E.2d 324, 326 (2010) (quoting *State v. Jackson*, 162 N.C. App. 695, 698, 592 S.E.2d 575, 577 (2004)). Defendant contends that the State presented insufficient evidence of the first and fifth elements.

As to the first element, evidence of *either* a breaking *or* an entering satisfies the State's burden of proof. *See State v. Myrick*, 306 N.C. 110, 114, 291 S.E.2d 577, 579 (1982) (holding, under identical language in N.C. Gen. Stat. § 14-54(a) (1979), State "need not show both a breaking and an entering").

This Court has held that

> "[b]reaking is defined as any act of force, however slight, employed to effect an entrance through any usual or unusual place of ingress, whether open, partly open, or closed. A breaking may be actual or constructive. A defendant has made a constructive breaking when another person who is acting in concert with the defendant actually makes the opening. Acting in concert means that the defendant is present at the scene of the crime and acts together with another who does the acts necessary to constitute the crime pursuant to a common plan or purpose to commit the crime."

*State v. Baskin*, 190 N.C. App. 102, 109, 660 S.E.2d 566, 572 (2008) (quoting *State v. Graham*, 186 N.C. App. 182, 196-97, 650 S.E.2d 639, 649 (2007)). A breaking may be established by a "'mere pushing or pulling open of an unlocked door or the raising or lowering of an unlocked window, or the opening of a locked door with a key.'" *State v. Garcia*, 174 N.C. App. 498,

502, 621 S.E.2d 292, 296 (2005) (quoting *State v. Bronson*, 10 N.C. App. 638, 640, 179 S.E.2d 823, 825 (1971)).

Where, as here, the trial court instructs the jury on the acting in concert doctrine, the State's burden as to the element of breaking can be satisfied by showing either the defendant personally committed the breaking or that he acted in concert with someone to commit the breaking. *See Baskin*, 190 N.C. App. at 109-10, 660 S.E.2d at 572 (holding that sufficient evidence of breaking and entering by defendant existed when passenger in car driven by defendant reached inside victim's car and stole victim's satchel).

In this case, the evidence viewed in the light most favorable to the State is sufficient to show that defendant, or, alternatively, Lucas acting in concert with defendant committed a breaking by opening the door of the Dodge. Officer Richardson testified that when he arrived on the scene, defendant was standing near the Dodge and the Dodge's driver-side door was open. The State also presented evidence that the door must have been recently opened because there was no pollen inside although the outside of the car was covered in pollen and the owner of the Dodge never opened the doors of the Dodge and its door was not open the previous afternoon. Moreover, defendant testified that Lucas opened the car door, while Lucas testified that

defendant opened the door. From this evidence, a reasonable juror could infer that defendant opened the car door, or, alternatively, that Lucas opened the door and was acting in concert with defendant.

Defendant also argues that there was insufficient evidence of the fifth element -- that the act was committed "with intent to commit any felony or larceny therein." N.C. Gen. Stat. § 14-56. Defendant argues that while the evidence presented by the State may be sufficient to show that defendant intended to steal the car itself, it was not sufficient to show intent to steal the "thing[s] of value" found therein. *Id.*

Defendant's argument, however, was rejected by this Court in *Clark*, 208 N.C. App. at 393, 702 S.E.2d at 327-28. In *Clark*, this court held that the intent to steal the motor vehicle itself may satisfy the intent element under N.C. Gen. Stat. § 14-56. 208 N.C. App. at 393, 702 S.E.2d at 327-28. Defendant concedes that the State presented sufficient evidence that defendant, or Lucas acting in concert with defendant, intended to steal the vehicle itself. Under *Clark*, such evidence is sufficient. We, therefore, conclude that the State presented substantial evidence of each of the elements of the charge of breaking or entering a motor vehicle. Accordingly, we hold that

the trial court did not err in denying defendant's motion to dismiss.

## II

Defendant next argues that the trial court committed reversible error by instructing the jury on a theory of breaking *or* entering a motor vehicle when the indictment alleged that defendant broke *and* entered the vehicle. "Whether a jury instruction correctly explains the law is a question of law, reviewable by this Court *de novo*." *State v. Barron*, 202 N.C. App. 686, 694, 690 S.E.2d 22, 29 (2010). "However, an error in jury instructions is prejudicial and requires a new trial only if 'there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises.'" *State v. Castaneda*, 196 N.C. App. 109, 116, 674 S.E.2d 707, 712 (2009) (quoting N.C. Gen. Stat. § 15A-1443(a) (2007)).

Defendant's argument has previously been rejected regarding the offense of breaking or entering a building under N.C. Gen. Stat. § 14-54 (2013). Under this statute, where an indictment alleging a violation of N.C. Gen. Stat. § 14-54 charges the defendant with "breaking *and* entering," it is not error for the trial court to instruct on breaking *or* entering. *State v. Boyd*, 287 N.C. 131, 145, 214 S.E.2d 14, 22 (1975), *superseded by*

*statute on other grounds as stated in State v. Silhan*, 302 N.C. 223, 239, 275 S.E.2d 450, 464 (1981).  As explained in *Boyd*:

> It has long been the law in this State in prosecutions under [N.C. Gen. Stat. § 14-54] and its similar predecessors that where the indictment charges the defendant with breaking *and* entering, proof by the State of either a breaking *or* an entering is sufficient; and instructions allowing juries to convict on the alternative propositions are proper.

*Id.  See also State v. Reagan*, 35 N.C. App. 140, 143, 240 S.E.2d 805, 808 (1978) (holding no error when the defendant was indicted for breaking and entering and the trial court's charge to the jury referenced breaking or entering).  The act of "breaking or entering" is an element of a charge pursuant to both N.C. Gen. Stat. § 14-54 and N.C. Gen. Stat. § 14-56.  We therefore find that the rule under *Boyd* is applicable to the element of "breaking or entering" regardless whether the defendant "breaks or enters" a motor vehicle under N.C. Gen. Stat. § 14-56 or a dwelling house under N.C. Gen. Stat. § 14-54. Accordingly, we hold that the trial court did not err in instructing the jury on "breaking *or* entering."

### III

Defendant's final argument on appeal pertains to the charge of first degree trespassing.  Defendant argues that the trial court erred by failing to instruct the jury on defendant's

affirmative defense that he reasonably believed he had a right to enter the property. Because defendant did not request the instruction at trial, we review for plain error.

> For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice -- that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty. Moreover, because plain error is to be applied cautiously and only in the exceptional case, the error will often be one that seriously affect[s] the fairness, integrity or public reputation of judicial proceedings[.]

*State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (internal citations and quotation marks omitted).

For a trial court to be required to instruct the jury on an affirmative defense, the defendant must present substantial evidence, when viewed in the light most favorable to the defendant, of each element of the defense. *State v. Ferguson*, 140 N.C. App. 699, 706, 538 S.E.2d 217, 222 (2000). Here, defendant needed to present substantial evidence that (1) defendant believed he had a right to enter the property and (2) defendant had reasonable grounds to support this belief. *State v. Baker*, 231 N.C. 136, 140, 56 S.E.2d 424, 427 (1949).

Defendant argues that his testimony constitutes substantial evidence of this affirmative defense. Defendant testified that

when he met up with Lucas on the morning of 26 March 2012, Lucas told him that a friend had given him a car, that he needed someone to help him get the car home, and that he would pay defendant $50.00 for his assistance in retrieving the car. Although the property where the car was located was enclosed by a locked fence, defendant testified that Lucas was easily able to pull the fence to one side. Under these circumstances, defendant contends, his belief that they had permission to be on the property remained reasonable.

However, even assuming, without deciding, that defendant presented substantial evidence of each element of this defense, he cannot show that the failure of the trial court to instruct the jury on this defense had a probable impact on its finding of guilt. The jury's verdict as to the larceny charges required a finding that defendant intended to steal the vehicle, or that Lucas intended to steal the vehicle and defendant acted in concert with him. In either scenario, such a finding precludes a finding by the jury that the defendant believed that he had a legal right to enter the property. Defendant has therefore failed to show that he was prejudiced by the alleged error.

No Error.

Judges BRYANT and CALABRIA concur.