DIETZ, Judge.
Defendant Corey Trent Barnard appeals his conviction for breaking or entering a motor vehicle. He argues that the trial court erred in denying his motion to dismiss because there was insufficient evidence that he intended to commit larceny inside the vehicle. As explained below, although Barnard offered a plausible theory of the evidence that would lead the jury to find him not guilty, the State's evidence also permitted a reasonable jury to find him guilty. Thus, the trial court properly denied his motion and sent the case to the jury.
Facts and Procedural History
In the early morning hours of 16 October 2015, off-duty Charlotte-Mecklenburg Police Officers Matthew Corbitt and Samuel Rawls were providing security to an apartment complex in Mecklenburg County. The officers, who were dressed in uniform, were patrolling the apartment complex in a marked police vehicle with the car's "take down" lights-bright white lights designed to illuminate the area-turned on to show police presence.
Around 2:20 a.m., Officers Corbitt and Rawls noticed Defendant Corey Trent Barnard standing between two parked cars, one of which was a white Lincoln Town Car. He appeared to be talking on a cell phone. The officers did not interact with Barnard and continued patrolling the complex. Approximately five minutes later, the officers drove by the same location and observed Barnard's upper body leaning into the Town Car through the open front passenger door. When Barnard saw the officers, he stood up "very rigid" and began to walk in the opposite direction of the patrol car, leaving the front passenger door of the Town Car open. Officer Corbitt called out to Barnard several times to alert him that he left the door open, but Barnard did not respond and continued to walk away "rapidly." Officer Corbitt then pursued Barnard on foot.
Barnard continued walking until Officer Corbitt made physical contact with him, at which point Officer Corbitt noticed a strong odor of alcohol on Barnard's breath. Officer Corbitt told Barnard that he left his car door open, and Barnard stated that he did not have a car. Barnard later said that the car belonged to a friend and that he had permission to use it, but he could not identify the friend. When questioned by Officer Corbitt, Barnard provided his name and date of birth, but he could not provide specific information as to where he lived or who he was going to see. Officer Rawls was present for part of the conversation between Officer Corbitt and Barnard, and he also noticed a strong odor of alcohol coming from Barnard's person.
Officer Rawls examined the Town Car that Barnard was seen leaning into and observed that the front passenger door and the glove compartment were both open. Officer Rawls testified that no one interacted with the vehicle between the time the officers saw Barnard leaning into it and the time he checked on it. Barnard was detained and later arrested.
At trial, Brewster Hurd, the owner of the Town Car, testified that Barnard did not have permission to be in the vehicle. Hurd explained that when he left the car that night, the front passenger door and the glove compartment were closed, but the door was unlocked and the window was down because he forgot to put it up. Hurd did not keep many items in the vehicle, but there were napkins in the glove compartment and a spare tire, jack, and lug wrench in the trunk. Hurd explained that nothing was missing from the car but someone went "inside and messed stuff up." Hurd explained that napkins had been removed from the glove compartment and were "throw[n] ... all over the seat with blood on them." Hurd testified that when he left his home to inspect the Town Car after being contacted by officers, he observed Barnard washing blood off his hands. Officer Rawls confirmed that law enforcement collected a napkin from the Town Car.
The trial court denied Barnard's motion to dismiss at the close of the State's evidence and again after the defense rested without presenting any evidence. The jury found Barnard guilty of breaking or entering a motor vehicle and the lesser-included offense of first-degree trespass. The trial court arrested judgment on the first-degree trespass conviction, imposed a suspended sentence of 4 to 14 months in prison, and placed Barnard on unsupervised probation for twelve months plus one day of confinement. Barnard appealed.
Analysis
Barnard argues that the trial court erred in denying his motion to dismiss the charge of breaking or entering a motor vehicle because the State's evidence was insufficient to establish that he intended to commit larceny inside the vehicle. We disagree.
"This Court reviews the trial court's denial of a motion to dismiss de novo ." State v. Smith, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). "Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." State v. Fritsch , 351 N.C. 373, 378, 526 S.E.2d 451, 455 (2000). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Smith , 186 N.C. App. at 62, 650 S.E.2d at 33.
"If the evidence presented is circumstantial, the court must consider whether a reasonable inference of defendant's guilt may be drawn from the circumstances. Once the court decides that a reasonable inference of defendant's guilt may be drawn from the circumstances, then it is for the jury to decide whether the facts, taken singly or in combination, satisfy [it] beyond a reasonable doubt that the defendant is actually guilty." Fritsch , 351 N.C. at 379, 526 S.E.2d at 455.
To survive a motion to dismiss a charge of breaking or entering a motor vehicle, the State must provide substantial evidence of five essential elements: "(1) there was a breaking or entering by the defendant; (2) without consent; (3) into a motor vehicle; (4) containing goods, wares, freight, or anything of value; and (5) with the intent to commit any felony or larceny therein." State v. Mitchell , 234 N.C. App. 423, 427, 759 S.E.2d 335, 338 (2014).
Larceny is the taking and carrying away of the property of another without the owner's consent and with the intent to deprive the owner of the property permanently. State v. Webb , --- N.C. App. ----, ----, 812 S.E.2d 182, 186 (2018). "Intent is a mental attitude seldom provable by direct evidence. It must ordinarily be proved by circumstances from which it may be inferred." State v. Chillo , 208 N.C. App. 541, 546, 705 S.E.2d 394, 398 (2010). "An intent to commit larceny at the time of the breaking or entering may be inferred from the defendant's conduct and other circumstances shown by the evidence." State v. Thomas, 153 N.C. App. 326, 334, 570 S.E.2d 142, 147 (2002).
Here, Barnard argues that the State presented insufficient evidence of the fifth element-his intent to commit larceny. He contends that the evidence at trial showed that he was intoxicated, had injured his hand, and broke into the car to look for something to wipe off the blood on his hands. These actions, Barnard contends, do not satisfy the intent element of larceny.
We agree that Barnard presented a theory of the evidence under which he was not guilty of the charged offense. But the State offered an alternative theory: that Barnard broke into the car late at night; that he searched the car for valuables and, upon discovering some napkins in the glove compartment, used them to clean blood from his hands; that he then retreated when he saw the officers, leaving the front passenger door open; and that he initially told the officers that he did not own a car, but later stated that the car belonged to an unidentified friend in an attempt to conceal his crime.
This circumstantial evidence is sufficient to permit a reasonable jury to infer that Barnard intended to commit larceny inside the vehicle. To be sure, Barnard's theory of the evidence also is a reasonable one based on the circumstantial evidence offered at trial. But the decision of which of several reasonable inferences to draw from circumstantial evidence is one that must be made by the jury. State v. Scott , 356 N.C. 591, 598, 573 S.E.2d 866, 870 (2002) ; State v. Hunt , 14 N.C. App. 157, 158, 187 S.E.2d 366, 366 (1972). Viewing the evidence in the light most favorable to the State and giving the State the benefit of all reasonable inferences, as this Court is required to do when reviewing a motion to dismiss, we find that the State's evidence was sufficient to send the case to the jury. State v. Benson , 331 N.C. 537, 544, 417 S.E.2d 756, 761 (1992).
Conclusion
We find no error in the trial court's judgment.
NO ERROR.
Report per Rule 30(e).
Judges STROUD and MURPHY concur.